Alice V. HOUSTON, Plaintiff–Appellant,

v.

BENTTREE, LTD., an Oklahoma Corporation, Defendant–Appellee.

No. 79–1366.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 15, 1980.

Decided Dec. 2, 1980.

---

John W. Walker, of John W. Walker, P. A., Little Rock, Ark., (David E. Parker, Jr., of John W. Walker, P. A., Little Rock, Ark. and Matthew T. Horan, Fayetteville, Ark., with him on the brief), for plaintiff–appellant.

Kent F. Frates, of Ellis & Frates, Oklahoma City, Okl., for defendant–appellee.

Before SETH, Chief Judge, LOGAN, Circuit Judge, and BOHANON, District Judge.*

SETH, Chief Judge.

The plaintiff brought this action under the Fair Housing Act and the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982. The trial court dismissed the Fair Housing Act claim as untimely filed. The court heard the evidence on the remaining claim, held that plaintiff had not made a prima facie case of discrimination, and entered judgment for the remaining defendant. The plaintiff has taken this appeal and urges that the trial court's findings are not supported by substantial evidence, and that incorrect legal standards were applied. The individual defendant was dismissed at trial. The corporation will be referred to as the defendant.

The plaintiff is a black person who had come to Oklahoma City to assume an important position with the school system. She was looking for a suitable place to live and saw a "for sale" sign at the defendant's condominiums. She contacted a real estate agent to assist her in looking at the property.

The agent told plaintiff, about September 26, that the condominiums would not go on sale until October 1 or 2 at which time the defendant was to have an "open house" on the property. However, the defendant was showing the finished units to prospective buyers. Plaintiff was shown the property on September 26, and she expressed interest in purchasing a two–bedroom unit. Defendant's sales agent told her that the one in which she was interested had already

been sold. Plaintiff looked at another unit and stated she would buy it. The sales agent explained that the contracts were not yet ready and that the company would only use contracts prepared by its own attorney. An appointment was made to see the lawyer. At this point plaintiff fully expected that she would be sold a unit.

On September 28, plaintiff and her agent met with the attorney for defendant who also stated the contracts were not ready and that an option to buy would not be extended to plaintiff as the company insisted that the contract it prepared be used. Plaintiff then asked if she could see a three–bedroom apartment. The lawyer arranged an appointment for her with Mr. Calhoun, Vice President of Benttree. Plaintiff understood that the contract forms would be ready in a few days. She was shown a unit by Mr. Calhoun. Plaintiff and her agent both testified that Mr. Calhoun was antagonistic and rude. Mr. Calhoun testified that he told plaintiff at this showing that she could sign a contract at the open house on October 2. Plaintiff's agent phoned the attorney several times after their meeting seeking to obtain the contract forms but was not successful. On the afternoon of September 30, the attorney completed the contracts.

Plaintiff felt that she was badly and rudely treated by defendant's agents. She understood that Benttree refused to allow her to make a binding offer because of her race. Plaintiff thus alleged that defendant's excuse regarding the contracts was merely a sham. Also, she had been told that one unit had been sold and nevertheless she could not then buy one.

The open house did take place on October 2, but plaintiff did not make an offer nor tender a deposit on or after that date. Plaintiff filed a complaint with the Department of Housing and Urban Development on October 6, 1977.

---

* Of the United States District Court for the Eastern, Northern and Western Districts of Oklahoma, sitting by designation.

Upon these facts, the district court held that plaintiff had not established a prima facie case of discrimination. The unit which Benttree's agent thought had been sold before October 2 had not been sold although it may have been informally reserved for a prospective purchaser. The court concluded as to this that such non-binding reservation was of no significance and there was no showing that there would not have to be the usual binding option after October 2 on this also. The lawyer testified as to his preparation of the sale contracts and the business reasons necessitating the delay. The record shows that all prospective buyers were treated the same way. Thus if they wanted to make an offer before October 2, they were told that the contracts were not yet available. The court found as a fact that the units were not placed on the market until October 2. The court also found that plaintiff was aware of this fact.

 The elements of a prima facie case under 42 U.S.C. §§ 1981 and 1982 are: that the owner placed the property on the open market for sale; that plaintiff was willing and able to buy the property on the terms specified by the owner; that plaintiff so advised the owner at the time the property was available for sale; that the owner refused to so sell the property to plaintiff; and that there is no apparent reason for the refusal of the defendant to sell the property to plaintiff other than plaintiff's race. *Duckett v. Silberman*, 568 F.2d 1020 (2d Cir. 1978); *Bush v. Kaim*, 297 F.Supp. 151 (N.D. Ohio 1969).

The record demonstrates that plaintiff did not prove several essential elements necessary to make a prima facie case. The findings of the trial court are supported by substantial evidence, and the correct legal standards were applied.

Appellant urges also that the district court erred in dismissing her cause of action under the Fair Housing Act. As we are convinced that the trial record supports the trial court's finding that there was no discrimination, we need not consider this argument. We have considered appellant's other arguments and find them to be without merit.

The judgment of the district court is AFFIRMED.